√N ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
DEC 19 2008
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

KIM CHEESMAN

VS.

COLLECTCORP CORPORATION

CIVIL ACTION NO. #27526

JURY TRIAL DEMANDED

**3-08CV2242-N**

## COMPLAINT

### JURISDICTION

1.        The jurisdiction of this Court attains pursuant to 15 U.S.C.§1692 et seq, the Fair Debt

Collection Practices Act ("FDCPA") for which jurisdiction is proper in this Court. 15 U.S.C.§1692k(d)

and state law claims supplemental thereto. Venue lies in the Northern District of Texas since Plaintiff's

claims arose from acts of the Defendant perpetrated therein.

### PARTIES

2.        Plaintiff, Kim Cheesman, is a natural person whose permanent address is in Dallas,

Texas and is a "consumer" as defined by 15 U.S.C.§1692a(3) of the FDCPA. Plaintiff is a resident and

citizen of the State of Texas.

3.        Defendant, CollectCorp Corporation is a corporation organized under the laws of the

state of Delaware, registered to conduct business in Texas and may be served with process by serving

its registered agent for service of process: CT Corporation System, 350 N. St. Paul St., Dallas, Texas

75201.

### FACTUAL ALLEGATIONS

5.        Plaintiff is an individual consumer as defined by 15 U.S.C. §1692a(3).

6.        Defendant CollectCorp Corporation is a debt collector as defined by the FDCPA and

Texas Debt Collection Practices Act.

7.        Sometime in February, 2008, Defendant's representatives began calling Plaintiff at both

her home and place of business in attempts to collect a debt.

8.      When Defendant's representatives first called, they refused to identify who they were or the purpose of their call.

9.      When they finally identified themselves, Plaintiff requested they cease all telephone calls to both home and office.

10.      Defendant's representatives continue to call Plaintiff at both her home and office number, despite both written and verbal requests to cease calling.

11.      Defendant has failed to respond to written requests for verification.

12.      Defendant has communicated with and revealed personal financial information to third parties, despite being requested to cease such communications.

## CAUSES OF ACTION

## COUNT I

13.      Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully set out herein.

14.       CACV of Colorado, LLC.. is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a(6).

15.      Defendant has violated 15 U.S.C.§1692g by failing to respond to Plaintiff's request for validation of the debt.

16.      Defendant has violated 15 U.S.C.§1692c by continuing to call Plaintiff after being requested to cease communication.

17.      Defendant has violated 15 U.S.C.§1692e(2)(A) by falsely representing the character, amount, or legal status of a debt.

18.      Defendant has violated 15 U.S.C.§1692d(6) by failing to identify itself and the purpose of the call.

19.      Defendant has violated 15 U.S.C.§1692b(1) and (2) by contacting third parties and revealing confidential information to the third parties.

COMPLAINT                                                                                    2

20.     Defendant has violated 15 U.S.C.§1692g by failing to send a 30 day validation notice within 5 days of initial communication with Plaintiff.

## COUNT II

21.     Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

22.     In violation of Tex. Fin.Code §392.301(a)(8) the Defendant threatened to take (and/or did take) an action prohibited by law.

## COUNT III

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 18 above.

24.     Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice Subchapter E, Chapter 17, Business and Commerce Code ("DTPA"), and is actionable under that chapter.

25.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

26.     The foregoing acts and omissions of the Defendant were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

27.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

28.     By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Debt Collection Practices Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of

COMPLAINT                                                    3

this action.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.      Declare that Defendant's actions violate the FDCPA and TDCPA.

2.      Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney fees as provided by 15 U.S.C.§1692k(a) and/or Tex. Fin.Code Ann. §392.403.

3.      Grant such further relief as deemed just.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*Sharon Campbell*

Sharon K. Campbell
State Bar # 03717600
3100 Monticello Ave., Suite 500
Dallas, Texas 75206
Telephone: 214/351-3260
Fax: 214/265-7626
Sharon@SharonKCampbell.com

COMPLAINT                                                          4

JS 44 (Rev. 12/07)

ORIGINAL   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Kim Cheesman

**DEFENDANTS**

CollectCorp Corporation

RECEIVED

DEC 1 9 2008

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sharon K. Campbell, 3100 Monticello Ave., Suite 500, Dallas, Texas, 75205; 214-351-3260

Attorneys (If Known)

**3 - 0 8 C V 2 2 4 2 - N**

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | |
|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | | |
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | PTF ☐ 1  DEF ☐ 1 | Incorporated or Principal Place of Business In This State | PTF ☐ 4  DEF ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2  ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5  ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

| V. ORIGIN (Place an "X" in One Box Only) | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment | |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
violations of FDCPA for unlawful 3rd party contact, continuing to call after being requested not to and

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____