IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM CHEESMAN | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08CV2242-N |
| | § | |
| COLLECTCORP CORPORATION | § | |
| Defendant | § | |

**DEFENDANT, COLLECTCORP CORPORATION'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND,
IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, COLLECTCORP CORPORATION ("Collectcorp"), and files her Motion to Dismiss for Failure to State a Claim and, in the alternative, Motion for More Definite Statement and would show the Court as follows:

**I. INTRODUCTION**

1. On or about December 19, 2008, Plaintiff, KIM CHEESMAN ("Plaintiff"), filed her Original Complaint ("Complaint") against Collectcorp, alleging Collectcorp violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA"), Texas Debt Collection Practices Act, Chapter 392 ("TDCA") and/or the Texas Business and Commerce Code, Subchapter E, Chapter 17 ("DTPA"). However, Plaintiff failed to allege *substantive factual allegations* to support any cognizable claim for relief, including, but not limited to, the FDCPA, TDCA and/or DTPA, and/or to allow Collectcorp to file a responsive pleading. *See attached* Plaintiff's Original Complaint, hereinafter referred to as "Exhibit A".

2. In the Complaint, Plaintiff failed to provide facts supporting a claim against

Collectcorp. Plaintiff merely alleges Collectcorp violated the FDCPA and the TDCA citing verbatim the statutory provisions of the FDCPA and the TDCA. Plaintiff's allegation is wholly conclusory, as she has failed to allege any substantive facts to support this legal conclusion. Although Plaintiff has possibly set forth a fact in paragraphs 8, 10, 11, 12 and 20 of the Complaint, it is not clear as to when, who or in what context the allegations were made nor when any correspondence was forwarded to or received by Collectcorp. Thus, Collectcorp moves the Court to either dismiss the matter for failure to state a claim upon which relief can be granted. In the alternative, Collectcorp requests that this Court order Plaintiff to amend the Complaint to provide a more definite statement of the claims and bases of the claims against Collectcorp.

## II. ARGUMENTS AND AUTHORITY

### A. Motion to Dismiss For Failure to State a Claim

#### I. Standard

3. According to the United States Supreme Court, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires *more than* labels, and conclusions and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007)(emphasis added). Factual allegations must be enough to raise a right to relief above the speculation level." *Id*. at 1965 (*citing* 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). "Some factual allegation" is necessary to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (*citing* 5 WRIGHT & MILLER 3 § 1202 at 94, 95 ("Rule 8(a) 'contemplate[s]

the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's bare averment that he wants relief and is entitled to it")).

4. In *Bell*, the United States Supreme Court recently modified the previous standard applicable to pleadings challenges based on Rule 129(b)(6). *See In re Enron Corp. Secs., Derivation & "ERISA" Litig.*, 2007 WL 2455296, *5-6 (S.D. Tex. Aug. 24, 2007) (Harmon, J.) ("the Supreme Court appears to have modified the *Conley* rule by inserting a new 'plausibility standard' "). Prior to *Bell Atlantic*, dismissal was not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Lowrey v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In *Bell Atlantic*, the United Statues Supreme Court pronounced that the *Conley* 'no set of facts language' test 'has earned its retirement' and 'is best forgotten'." *In re Enron Corp.,* at 2007 WL2455296, *6 (quoting *Bell Atlantic*, 127 S. Ct. at 1969).

5. The *Bell Atlantic* court opined that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do. . ." 127 S. Ct. 1t 1964-64. "Factual allegations must be enough to raise a right to relief above the *speculative level*. . ." *Id*. at 1965 (citing 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure § 1216, at 235-36 (3d. ed. 2004))(emphasis added). Accordingly, as instructed in *Bell Atlantic*, "some factual allegation" is necessary to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 WRIGHT & MILLER § 1202 at 94, 95 ("Rule 8(a) 'contemplate[s] the statement of

circumstance, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'.")).  Of course, the ruling in *Bell Atlantic* did not change the fundamental rule that "allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss." *In re Enron Corp.*, at 2007 WL 2455296, *6 (citing *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F. 3d 375, 379 (5th Cir. 2003)).

## II.     **Plaintiff Fails to State a Claim for Relief**

6.     Applying these standards here, Cheesman plainly fails to state a claim and the suit should be dismissed against Collectcorp. Cheesman fails to plead *any substantive facts* in her complaint.  Instead, she quotes various provisions of the Fair Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Act ("TDCA"), and Texas Deceptive Trade Practices Act ("DTPA") wherein she attempts to call them "facts."  Thus, Collectcorp respectfully files this Motion to Dismiss for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6).

7.     Although Plaintiff has possibly set forth a fact in paragraph of the Complaint, it is not clear as to when, who, or in what context the allegations were made nor when any correspondence was forwarded to or received by Collectcorp.  Although Plaintiff has possibly set forth a fact in paragraphs 8, 10, 11, 12 and 20 of the Complaint, it is not clear as to when, who, or in what context the allegation were made nor when any correspondence was forwarded to or received by Collectcorp.  *See* Complaint at ¶¶ 8, 10, 11, 12 and 20.

8.     The allegations in Plaintiff's Complaint, wholly unsupported by exhibits, are

as follows:

>Sometime in February, 2008, Defendant's representatives began calling Plaintiff at both her home and place of business in attempts to collect a debt.

*See* Complaint at ¶ 7.

>When Defendant's representatives first called, they refused to identify who they were or the purpose of their call.

*See* Complaint at ¶ 8.

>When they finally identified themselves, Plaintiff requested they cease all telephone calls to both home and office.

*See* Complaint at ¶ 9.

>Defendant's representatives continue to call Plaintiff at both her home and office number, despite both writeen and verbal requests to cease calling.

*See* Complaint at ¶ 10.

>Defendant has failed to respond to written requests for verification.

*See* Complaint at ¶ 11.

>Defendant has communicated with and revealed personal information to third parties, despite being requested to cease such communications.

*See* Complaint at ¶ 12.

9.     The factual allegations are wholly conclusory and fail to substantiate an actual violation of the FDCPA, DTPA or the TDCA.  Instead, Plaintiff relies on an unsubstantiated legal conclusion that Collectcorp violated the FDCPA and the TDCA citing verbatim, the statutory provisions of the FDCPA and the TDCA.  The referenced statutes

address the circumstances under which an action by a debt collector may be considered violative of the consumer protection statutes. *See* 15 U.S.C. § 1692; Tex. Fin. Code § 392.001, *et seq*. As plead, Plaintiff fails to allege any facts supporting a cognizable claim against Collectcorp. *See Bell Atlantic*, 127 S. Ct. at 1964-65.

### B. Motion for More Definite Statement under Rule 12(e).

#### I. More definite statement is required because there are no factual allegations addressing COLLECTCORP's purported conduct.

10. A motion for more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading. FED. R. CIV. P.8(a)(2) and 12(e); *Sisk v. Tex. Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). Plaintiff's Original Complaint fails to allege specific facts addressing Collectcorp and fails to provide fair notice of the basis of Plaintiff's claims against Collectcorp. Accordingly, the allegations against Collectcorp are so vague and ambiguous that Collectcorp cannot frame a responsive answer.

#### II. More definite statement is required because the suit does not fairly inform Collectcorp of the nature of the complaint made against it.

11. Further, the claim for relief asserted by Plaintiff against Collectcorp likewise fails to fairly inform Collectcorp of the claims made against it. Specifically, Plaintiff alleges that Collectcorp violated the FDCPA and TDCA but merely tries to support these legal conclusions with lengthy provisions of both statutes. *See* Exhibit A. At a minimum and as required by *Bell Atlantic*, Plaintiff should be required to provide factual allegations identifying the particular transaction(s), action(s) or omission(s) at issue. *See* Exhibit A. Thus, Plaintiff's pleadings fails to provide Collectcorp with any notice of Plaintiff's claims

and fails also to safeguard its reputation from improvident charges of wrongdoing.

### III. PRAYER

12.     Collectcorp prays that the Court dismiss Plaintiff's claim against Collectcorp under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, Collectcorp prays that the Court enter an order requiring Plaintiff to amend the Complaint with a more definite statement of the suit against Collectcorp. Further, Collectcorp prays for any other relief to which it may be granted in law or equity.

**Respectfully submitted,**

**HANSZEN ■ LAPORTE**

By: */s/ Amy L. Mitchell*
    Amy L. Mitchell
    TBN: 12560500
    Christina J. Minshew
    TBN: 24013170
    4309 Yoakum Boulevard
    Houston, TX  77057
    (713) 522-9444
    (713) 524-2580: Facsimile

*ATTORNEYS  FOR  DEFENDANT, COLLECTCORP CORPORATION*

## CERTIFICATE OF SERVICE

I, Amy L. Mitchell, hereby certify that on the 8th day of January, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Landgraf
WEISBERG &MEYERS, LLC
4201 West Parmer Lane, Suite A-250
Austin, Texas 78727
214.351-3260
214.265-7626 facsimile


       */s/ Amy L. Mitchell*
       Amy L. Mitchell